JUDGE CASTEL

**10 CIV 3425**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
LIN SEN CHEN,

                Plaintiff,

        -against-

ESTATE OF VINCENT TERRANOVA,

                Defendant.
--------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

(   )(   )

Docket No.

## NATURE OF THE ACTION

1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is: (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendant for hours he worked in which he was not paid the full minimum wage, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.    Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid overtime wages and minimum wages from Defendant for every hour in which he was not paid the applicable minimum wage and for his work beyond 40 hours per week; and liquidated damages equal to 25 percent of his unpaid minimum wages, unpaid overtime compensation, and attorneys fees and costs.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff, LIN SEN CHEN, was at all relevant times, an adult individual, residing in New York County.

7.      Upon information and belief, Defendant ESTATE OF VINCENT TERRANOVA, is a trust or an estate administered in New York County.

## STATEMENT OF FACTS

8.      At all relevant times, Plaintiff was employed as an elevator operator.

9.      Plaintiff was paid less than the applicable minimum wage for many if not all of the hours he worked.

10.      Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff overtime compensation of one and one-half times the applicable minimum wage, and for an extra hour in each day Plaintiff worked over ten or more hours, in violation of the FLSA and the New York Labor Law.

11.      Plaintiff was employed by the Defendant from about February 4, 2001 until April 9, 2010.

12.      From April 2004 until October of 2006, plaintiff worked approximately 48 hours per week and was paid approximately $200 per week.

2

13. From approximately October of 2006 until April 2010, plaintiff worked approximately 54 hours per week and was paid approximately $275 per week.

14. Plaintiff was not paid time and a half wages for hours he worked over forty.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 as if they were set forth again herein.

16. At all relevant times, upon information and belief, Defendant was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

18. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

19. Upon information and belief, Defendants employed two or more employees during the time of Plaintiff's employment with Defendants.

## FLSA: FAILURE TO PAY OVERTIME

20. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiff for his hours worked in excess of forty hours per workweek.

21. As a result of the Defendant's willful failure to lawfully compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of

forty hours in a workweek, the Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

## FLSA: UNPAID MINIMUM WAGES

22.    Defendant willfully failed to pay Plaintiff at the applicable minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

23.    Due to the Defendant's FLSA violations, Plaintiff is entitled to recover from the Defendant his unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

24.    Plaintiff realleges and incorporates by reference paragraphs 1 through 23 as if they were set forth again herein.

25.    At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

26.    Defendant willfully violated Plaintiff's rights by failing to pay him the applicable minimum wage for each hour Plaintiff worked, in violation of New York Labor Law § 592(1).

27.    Defendant willfully violated Plaintiff's rights by failing to pay him overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour worked in excess of 40 hours per workweek.

28.    Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1)

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation and minimum wage compensation due under the FLSA.;

d.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and proper minimum wage compensation pursuant to 29 U.S.C. § 216;

e.    An award of unpaid minimum wage compensation and overtime compensation due under the New York Labor Law;

f.    An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay minimum wage compensation, overtime compensation, and spread of hours compensation, pursuant to the New York Labor Law.

g.    An award of prejudgment and postjudgment interest;

h.    An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

i.    Such other and further relief as this Court deems just and proper.

5

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all questions of fact raised by the complaint.


Dated: New York, New York
     April 23, 2010

By: _____
     Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
11 East Broaday, Suite 9C
New York, New York 10038
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

6